## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

EGON OLDENDORFF (LIBERIA) INC.
80 Broad Street
Monrovia, Liberia,

        Plaintiff,

v.

MING JADE INVESTMENTS, S.A.
c/o Amicorp B.V.I. Limited
Caracasbaaiweg 11
Box 6050 Curacao, Netherland Antilles,

        Defendant.

Case No. _____

### VERIFIED COMPLAINT

Plaintiff, EGON OLDENDORFF (LIBERIA) INC. ("OLDENDORFF" or "Plaintiff"), by its attorneys Troutman Sanders LLP, complaining of the above-named Defendant MING JADE INVESTMENTS, S.A. ("MING JADE" or "Defendant"), alleges upon information and belief as follows:

1.     This is an action based on breach of a maritime contract of charter party, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333. The Court also has subject matter jurisdiction based on 28 U.S.C. §1331 and 9 U.S.C. §203.

2.     Plaintiff is a corporation organized and existing under the laws of the Liberia.

3.      Defendant was and is said to be a corporation or other business entity organized and existing under the laws of a foreign country and/or is a person or persons doing business as and under the name of Defendant.

4.      Pursuant to a charter party dated August 17, 2005 ("the Charter"), Oldendorff, as owner, chartered the M.V. THEODOR OLDENDORFF ("the Vessel") to MING JADE, as charterer, for a voyage from the U.S. Gulf to Nigeria.

5.      The Vessel completed loading the cargo on September 19, 2005, and carried the cargo from the U.S. Gulf to the anchorage off Lagos, Nigeria, from which the Master notified Defendant that the Vessel had arrived and was ready to discharge the cargo.

6.      The Vessel arrived at the anchorage off Lagos on October 11, 2005.

7.      Under the Charter, Defendant had 10 days, as calculated under the terms of the Charter, to discharge the cargo without incurring demurrage.  If the Vessel was delayed longer than 10 days, Defendant agreed to pay Oldendorff $10,000 per day pro rata for each day following the expiration of the 10 days of free time allowed by the Charter.

8.      As between Plaintiff and Defendant, the terms of discharge were "free out" and "free D/A" and Defendant is responsible for paying for the costs of discharging the cargo, including advancing to the local port agent the costs local service providers change to berth the vessel and discharge the cargo.

9.      As of the date of this Complaint, the Vessel remains at the anchorage and has not discharged the cargo.

10.     Plaintiff has sent several provisional invoices for demurrage and requested adequate assurances of performance by means of requests for payments on account of the accruing demurrage.

11. Except for $32,465.51 paid by Defendant early during the Vessel's wait, Defendant has refused to pay the demurrage or otherwise provide adequate assurances of performance, despite due demand.

12. Based on the Vessel's berthing this week and completing discharge on or about December 31, 2005, Defendant will owe Plaintiff $581,903.89 in demurrage and additional freight, net of any amounts paid to date by Defendant.

13. Such a delay of over two months at anchorage in warm waters has caused the Vessel's bottom to foul.

14. Plaintiff estimates that it will cost $15,000 to clean the bottom of the Vessel.

15. This cost is due to Defendant's breach of the Charter.

16. Pursuant to the terms of the Charter, disputes arising under the Charter are to be resolved by arbitration in New York in accordance with the Rules of the Society of Maritime Arbitrators, Inc. ("SMA").

17. Oldendorff and Defendant have appointed arbitrators in New York, and Oldendorff reserves all rights to arbitrate the disputes in New York, as allowed by 9 U.S.C. § 8.

18. In accordance with the Rules of the SMA and the practice and custom in New York, the prevailing party is routinely awarded interest, costs and attorney's fees. On the basis that an award will be issued in one year, Oldendorff estimates that interest (at the New York statutory rate of 9%), costs, and attorney's fees will be some $100,000.

19. At present, Plaintiff calculates the principal amount of its claims to be $596,903.89, which together with an allowance for interest, costs, and attorney's fees of $100,000, totals $696,903.89. Plaintiff reserves the right to amend this claim as circumstances change and warrant.

20. Defendant bid on and was awarded a contract to transport an unrelated cargo to Bolivia as part of a United States government program to facilitate the transportation and delivery of cargoes to Bolivia (IFB No. 05-060B) ("the Bolivia Contract").

21. To perform the Bolivia Contract, Defendant chartered the vessel Toscana. The cargo has been loaded and the Toscana is on its way to Peru to discharge the cargo. From Peru, Defendant has arranged for the cargo to be transported by land to Bolivia.

22. Under the terms of the Bolivia Contract, a U.S. Government agency, Commodity Credit Corporation ("CCC"), will make a freight payment to Defendant when the Toscana arrives at the discharge port in Peru and Defendant complies with various formalities.

23. CCC has an office within this district at 1400 Independence Avenue SW, Room 107W, Washington, D.C. 20250-1400.

24. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, personal property, tangible or intangible, within this district consisting of cash, funds, freight, hire credits, and/or debts due Defendant, in the hands of garnishees in this District, including freight payments payable by CCC or other government agency to Defendant under the Bolivia Contract.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

25. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order

directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds, and/or debts payable by garnishees in this District to Defendant including freight payments payable by CCC or other government agency to Defendant under the Bolivia Contract up to the amount of $696,903.89 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

    C.    That, in accordance with 9 U.S.C. § 8, this Court retain jurisdiction over this matter to enter its decree upon an arbitration award issued in New York with respect to the merits of the disputes herein; and

    D.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Washington DC
       December 21, 2005

                        Respectfully submitted,

                        By _____

                        Leonard Fleisig (D.C. Bar No. 435944)
                        TROUTMAN SANDERS LLP
                        401 9th St. N.W., Suite 1000
                        Washington DC 20004
                        (202) 274-2950 (telephone)
                        (202) 654-5645 (fax)

                        *Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

EGON OLDENDORFF (LIBERIA) INC.
80 Broad Street
Monrovia, Liberia,

            Plaintiff,

v.

                                Case No. _____

MING JADE INVESTMENTS, S.A.
c/o Amicorp B.V.I. Limited
Caracasbaaiweg 11
Box 6050 Curacao, Netherland Antilles,

            Defendant.

## VERIFICATION

I, Leonard Fleisig, hereby state that:

    1.     I am a member of the bar of this Court and of the firm of Troutman Sanders LLP, attorneys for the Plaintiff.

    2.     I have read the foregoing Complaint and I believe the contents thereof are true.

    3.     The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

    4.     The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:    Washington, D.C.
              December 21, 2005

                                      Leonard Fleisig

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

EGON OLDENDORFF (LIBERIA) INC.
80 Broad Street
Monrovia, Liberia,

          Plaintiff,

v.

          Case No. _____

MING JADE INVESTMENTS, S.A.
c/o Amicorp B.V.I. Limited
Caracasbaaiweg 11
Box 6050 Curacao, Netherland Antilles,

          Defendant.

## RULE 7.1 STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1 (formerly Local General Rule 1.9) and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Plaintiff EGON OLDENDORFF (LIBERIA) INC. (a private non-governmental party) certifies that Plaintiff does not have a corporate parent and no publicly held corporation owns 10% or more of its stock.

Dated:     New York, New York
           December 21, 2005

                      Respectfully submitted,

                    By _____
                    Leonard Fleisig (D.C. Bar No. 435944)
                    TROUTMAN SANDERS LLP
                    401 9th St. N.W., Suite 1000
                    Washington DC 20004
                    (202) 274-2950 (telephone)
                    (202) 654-5645 (fax)

                    *Attorneys for the Plaintiff*

291816.1

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

EGON OLDENDORFF (LIBERIA) INC.
80 Broad Street
Monrovia, Liberia,

          Plaintiff,

v.

MING JADE INVESTMENTS, S.A.
c/o Amicorp B.V.I. Limited
Caracasbaaiweg 11
Box 6050 Curacao, Netherland Antilles,

          Defendant.

Case No. _____

## MEMORANDUM OF LAW IN SUPPORT
## OF PLAINTIFF'S APPLICATION FOR ISSUANCE OF AN
## ADMIRALTY RULE B PROCESS OF
## MARITIME ATTACHMENT AND GARNISHMENT

### PRELIMINARY STATEMENT

Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims ("Supplemental Rule B") to the Federal Rules of Civil Procedure provides for a special remedy, commonly issued by District Courts in maritime districts. The circumstances for issuance of that remedy are present here.

### THE FACTS

As stated in the Verified Complaint and accompanying affidavit of Leonard Fleisig, sworn to on December 21, 2005, Defendant is a foreign corporation, neither licensed nor authorized to do business in the District of Columbia. In the circumstances, Defendant cannot be "found" in the District of Columbia for the purposes of Supplemental Rule B.

## ARGUMENT

### POINT I

### THE COURT HAS JURISDICTION

The Complaint alleges admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and F.R. Civ. P. Rule 9(h).

As explained by Professor Schoenbaum:

> The modern statutory formulation of admiralty jurisdiction, 28 U.S.C. § 1333, which is based upon the grant of admiralty jurisdiction in the Constitution, confers *subject matter* jurisdiction on the federal district courts. The Supreme Court has held that admiralty claims as such do not arise under the laws of the United States within the meaning of 28 U.S.C. § 1331, and thus are not federal question cases. However, a litigant is free to invoke federal question or diversity jurisdiction, if applicable, even in an admiralty case. The chief advantage of this course is to provide the basis for a jury trial. If there are multiple bases for federal jurisdiction, a claimant may specifically invoke admiralty jurisdiction through the Rule 9(h) designation.

Thomas J. Shoenbaum, Admiralty and Maritime Law § 3-2, p. 67 (3d ed. 2000) (footnotes omitted). As further explained in respect of "The Significance and Consequences of Admiralty Jurisdiction":

> Whether or not a case comes within the admiralty jurisdiction has important consequences for litigants. **If the case is within the admiralty jurisdiction, the federal courts have subject matter jurisdiction without regard to diversity of citizenship and the amount in controversy or any other basis of subject matter jurisdiction.**
>
> &ast; &ast; &ast;
>
> Furthermore, if the defendant in an admiralty case cannot be found within the district (within the court's territorial jurisdiction), a special quasi-in rem attachment proceeding is available under the admiralty rules against certain assets of the defendant.

Id. § 3-2, pp. 69-70 (emphasis added) (citation omitted).

In this case Plaintiff has specifically invoked F.R.Civ.P.Rule 9(h) and admiralty jurisdiction and Supplemental Rule B to assert the "special quasi-in rem attachment" of Defendant's assets that are or may shortly come into the hands of garnishees in this District. The Court has jurisdiction.

**POINT II**

**THE EXISTENCE OF A NEW YORK ARBITRATION CLAUSE IN THE UNDERLYING CONTRACT DOES NOT VITIATE PLAINTIFF'S RIGHT TO A RULE B ATTACHMENT**

The Federal Arbitration Act expressly reserves to maritime plaintiffs their traditional maritime remedies, such as maritime attachments, in cases that are otherwise subject to arbitration under 9 U.S.C. § 8.

In Filia Cia. Naviera S.A. v. Petroship S.A., 1982 AMC 1217 (S.D.N.Y. 1982), the plaintiff obtained security for its claim for breach of charter by Rule B attachment of defendant's assets in the United States, which claim was submitted to New York arbitration. The defendant sought to dismiss the action on the grounds, inter alia, of the English law provision in the charter. Judge Sweet held:

> . . . in the instant action involving a facially valid Rule B attachment, there is no procedural problem in staying the prosecution pending resolution of the London arbitration with the court retaining jurisdiction to enter its decree upon the final [arbitral] award. 9 U.S. Code, Sec. 8 cf: 9 U.S. Code Sec. 3.

Id. at 1220; see also Casper Marine Inc. v. Seatrans Shipping Corp., 969 F. Supp. 395 (E. D. La. 1997); Paramount Carriers v. Cook Indus., 465 F. Supp. 599, 602 (S.D.N.Y. 1995); Unitramp, Ltd. v. Mediterranean Brokerage & Agents, S.A.S., 1994 AMC 476, 478 (S.D.N.Y. 1993); Andros Compania Maritima, S.A. v. Andre & Cie, S.A., 430 F. Supp. 88, 94-95 (S.D.N.Y. 1977).

The Charter provides for New York arbitration. The Plaintiff specifically reserves its right of New York arbitration, which does not preclude the right to Rule B attachment to obtain security for an arbitration award.

**POINT III**

**THE CONDITIONS FOR A RULE B ATTACHMENT EXIST**

Supplemental Rule B provides "[w]ith respect to any admiralty or maritime claim in personam" for attachment of "credits and effects in the hands of garnishees to be named in the process to the amount sued for, if the defendant shall not be found within the district [emphasis added]."

A.    **Plaintiff's Claim Is An Admiralty Or Maritime Claim**

Plaintiff's claim is for Defendant's breach of a charter party, the essence of an admiralty or maritime claim.

B.    **Defendant Cannot Be "Found"**

As stated by Professor Schoenbaum:

> The jurisprudence has developed a two-pronged test for determining whether a defendant can be "found within the district." To avoid attachment the defendant must be found within the district both in terms of jurisdiction and for service of process.

Schoenbaum, supra, § 20-2, p. 615 (citing, inter alia, Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580 (2d Cir. 1963)).

This test has been applied to Rule B attachments of the assets of foreign corporations on innumerable occasions. See, e.g., Verton Nav., Inc. v. Caribica Shipping, 1991 A.M.C. 1733, 1736 (S.D.N.Y. 1991); V.T.T. Vulcan Petroleum, S.A. v. Langham-Hill Petroleum, Inc., 1989 A.M.C. 1301, 1302, 684 F. Supp. 389, 390 (S.D.N.Y. 1988).

As the court stated in V.T.T. Vulcan:

> In other words, not only must the defendant be able to accept process, but the defendant must also "be engaged in sufficient activity in the district to subject it to jurisdiction even in the absence of a resident agent expressly authorized to accept process."
>
> This two-prong test for vacating a maritime attachment serves two purposes: (1) to obtain jurisdiction of the [defendant] in personam through his property, and (2) to assure satisfaction of any decree in [the plaintiff's] favor.

V.T.T. Vulcan, 684 F. Supp. at 390 (citations omitted).

For the reasons stated above and in the accompanying affidavit, Defendant cannot be "found" in this District.

The burden of proving that a defendant can satisfy both prongs of the test after the plaintiff's initial showing that at least one of the conditions for the Rule B remedy applies lies with the defendant. As stated by the U.S. District Court for the Eastern District of Virginia:

> Although [defendant] has thus established that it is found within the district for service of process, the law requires [defendant] to establish that it is also found within the district for the purposes of personal jurisdiction.

K/S Ditlev Chartering A/S & Co. v. Egeria, S.p.A., 1982 AMC 1817, 1819 (E.D. Va. 1982) (citations omitted).

As described in the Complaint, Defendant is about to receive freight payments from the Commodity Credit Corporation or other Government agency in connection with an unrelated shipment.

POINT IV

**PLAINTIFF'S CLAIMS ARE PROPER**

To sustain a Rule B attachment, a plaintiff need only show that its claims are not frivolous, and that the damages are reasonably calculated. Dongbu Express Co. Ltd. v. Navios

Corp., 1997 AMC 34 (S.D.N.Y. 1996); <u>Rolls Royce Indus. Power v. M/V FRATZIS M</u>, 1996

AMC 393 (S.D.N.Y. 1995).  The amount of the attachment properly includes interest and legal

and arbitral costs recoverable the New York arbitration.  <u>Dongbu Express Co. Ltd.</u>, <u>supra.</u>

## CONCLUSION

In the circumstances, Plaintiff respectfully submits that the Court should issue an order of

Process of Maritime Attachment and Garnishment, and grant such other and further relief as it

may deem just.

Dated: Washington DC
      December 21, 2005

                Respectfully submitted,

                By
                Leonard Fleisig (D.C. Bar No. 435944)
                TROUTMAN SANDERS LLP
                401 9th St. N.W., Suite 1000
                Washington DC 20004
                (202) 274-2950 (telephone)
                (202) 654-5645 (fax)

                *Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

EGON OLDENDORFF (LIBERIA) INC.
80 Broad Street
Monrovia, Liberia,

          Plaintiff,

v.

MING JADE INVESTMENTS, S.A.
c/o Amicorp B.V.I. Limited
Caracasbaaiweg 11
Box 6050 Curacao, Netherland Antilles,

          Defendant.

Case No. _____

## AFFIDAVIT UNDER
## SUPPLEMENTAL RULE B

I, Leonard Fleisig, do hereby state that:

1.      I am a member of the Bar of this Honorable Court and a member of the firm of Troutman Sanders LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant MING JADE INVESTMENTS, S.A. ("MING JADE" or "Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.      Defendant is a party to a maritime contract of charter party on which this claim is based, and is a foreign corporation organized and existing under the laws of a foreign nation.

3.      Under my supervision, my office did a search of the District of Columbia Corporations Division of the Business and Professional Licensing Administration, the

Transportation Tickler, telephone assistance, and a general internet search to try and find Defendant in this District.

    4.    In our search, we did not find any listing or reference to Defendant in this judicial district. In the circumstances, I believe the Defendant cannot be found within this District.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed:    Washington, D.C.
            December 21, 2005

                    Leonard Fleisig

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

EGON OLDENDORFF (LIBERIA) INC.
80 Broad Street
Monrovia, Liberia,

            Plaintiff,

v.

MING JADE INVESTMENTS, S.A.
c/o Amicorp B.V.I. Limited
Caracasbaaiweg 11
Box 6050 Curacao, Netherland Antilles,

            Defendant.

Case No. _____

## AFFIDAVIT IN SUPPORT OF REQUEST
## FOR APPOINTMENT TO SERVE PROCESS

I, Leonard Fleisig, do hereby state that :

1.    I am a member of the firm of Troutman Sanders LLP attorneys for the Plaintiff herein.

2.    We have been advised that the U.S. Marshal's Service lacks sufficient staff to effect service of Process of Maritime Attachment and Garnishment promptly or economically. I respectfully request that the Court appoint J. and M. Delivery, or any other person appointed by Troutman Sanders LLP who is over 18 years of age and is not a party to this action, to serve Process of Maritime Attachment and Garnishment and supplemental process on the garnishees named in Schedule A, or upon any other or additional garnishees as may be named in any supplemental Process of Maritime Attachment and Garnishment.

WHEREFORE, it is respectfully requested that the aforementioned person, J. and M. Delivery, or any other person appointed by Troutman Sanders LLP who is over 18 years of age

and not a party to this action, be appointed to effect such service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:    Washington, D.C.
             December 21, 2005

_____
Leonard Fleisig

## SCHEDULE A

1.  American Express Bank
2.  Bank of New York
3.  ABN Amro Bank
4.  Bank of America
5.  Barclay's Bank
6.  BNP Paribus Bank
7.  Citibank
8.  Commerce Bank
9.  Credit Suisse First Boston
10. Deutsche Bank
11. Fortis Financial Groups
12. HSBC (USA) Bank
13. JPMorgan Chase Bank
14. Standard Chartered Bank
15. UBS AG
16. Wachovia Bank

Docket No. _____

## THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the District of Columbia - GREETINGS:

WHEREAS, a complaint has been filed in the United States District Court for the District of Columbia on the 21 day of December, 2005 by

EGON OLDENDORFF (LIBERIA) INC.,

Plaintiff,

v.

MING JADE INVESTMENTS, S.A.,

Defendant

in a certain action for breach of a charter party alleging to be due and owing the said Plaintiffs the amount of $696,903.89 and praying for process of maritime attachment and garnishment against the said Defendants, and

WHEREAS, this process is issued pursuant to such prayer and requires that each garnishee shall serve its answer, together with answers to any interrogatories served with the complaint, within 20 days after service of process upon it and requires that each defendant shall serve its answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the said Defendant cannot be found within the District you attach goods and chattels to the amount sued for; and if such property cannot be found that you attach credits and effects to the amount sued for, including debts payable by garnishees in this District to Defendant MING JADE INVESTMENTS, S.A. including freight payments payable by Commodity Credit Corporation or other government agency to Defendant under IFB No. 05-060B to the amount of $696,903.89 to wit: cash, funds, freight, hire, credits and debts owing up to the total sum of $696,903.89 and any other property in whatever form belonging to Defendant and that you promptly after execution of this process, file the same in this Court, with your return thereon.

WITNESS, the _____ of said Court, this ___day of December, 2005, in the year of our Lord two thousand five, and of our Independence the two hundred and twenty-ninth.

CLERK

Attorneys for Plaintiff

By:_____
Deputy Clerk

*NOTE:  This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.*

291864

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| EGON OLDENDORFF (LIBERIA) INC.<br>80 Broad Street<br>Monrovia, Liberia,<br><br>        Plaintiff,<br><br>v.<br><br>MING JADE INVESTMENTS, S.A.<br>c/o Amicorp B.V.I. Limited<br>Caracasbaaiweg 11<br>Box 6050 Curacao, Netherland Antilles,<br><br>        Defendant. | Case No. _____ |

## PROPOSED EXPARTE ORDER DIRECTING CLERK TO ISSUE PROCESS OF
## MARITIME ATTACHMENT AND GARNISHMENT

**WHEREAS**, on December 21, 2005, Plaintiff, EGON OLDENDORFF (LIBERIA) INC. ("OLDENDORFF" or Plaintiff), filed a Verified Complaint herein for damages amounting to $696,903.89, inclusive of interest, costs and reasonable attorney's fees, and praying for issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and,

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshall or other designated process server attach any and all of the Defendant's property within the District of this Court; and,

**WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby,

**ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendant by any garnishees within this District, including, but not limited to debts, payable to, or otherwise for the benefit of Defendant Ming Jade Investments, S.A., by Commodity Credit Corporation or other Government Agency in connection with tender IFB No. D5-060B concerning a cargo of wheat from U.S. to Bolivia in an amount of up to $696,903.89, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further,

**ORDERED,** that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further,

**ORDERED,** that supplemental process specifying other or additional garnishees enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further,

**ORDERED**, that following initial service by the United States Marshal or other designated process server upon each garnishee, supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or e-mail to any garnishee that advises plaintiff that it consents to such service; and, it is further,

**ORDERED,** that service on any garnishee as described above is deemed continuous throughout the day from the time of such service through the opening of the garnishee's business the next business day; and, it is further,

291833.1                                    2

**ORDERED,** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), each garnishee may consent, in writing, to accept service by any other means; and, it is further,

**ORDERED,** that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment.

Dated:   December 21, 2005                    SO ORDERED:

_____
U.S.D.J.

291833.1                                         3