UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| EGON OLDENDORFF (LIBERIA) INC.<br><br>Plaintiff,<br><br>v.<br><br>MING JADE INVESTMENTS, S.A.<br><br>Defendant. | Case No. 1:05CV02443 |

**OPPOSITION TO THE MOTION TO INTERVENE
FILED BY EURO AMERICA SHIPPING & TRADE, INC.**

Plaintiff Egon Oldendorff (Liberia) Inc. ("Oldendorff" or "Plaintiff"), through undersigned counsel, hereby files it Opposition to the Motion to Intervene filed on behalf of Euro America Shipping & Trade, Inc. ("Movant" or "Euro America").

**PRELIMINARY STATEMENT**

On March 3, 2006, Euro America filed a Motion for Intervention in this action. Euro America alleges that it is entitled to intervention as a matter of right because it is a priority payee over the property held by the Commercial Credit Corporation for the benefit of Defendant.

Euro America's Motion for Intervention should be denied. First, Euro America may not intervene in this action as a matter of right because it failed to establish the requisite elements for intervention of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Second, Euro America failed to file a pleading setting forth the claim or defense for its intervention pursuant to Rule 24(c) and LCvR 7(j).

## ARGUMENT

In order to intervene as a matter of right in accordance with Rule 24(a)(2), movants would have to satisfy *all four* of the following requirements: (1) the motion must be timely; (2) the movant must have an interest relating to the subject matter of the action; (3) the movant's interest must be impaired or impeded as a practical matter if intervention is denied; and (4) the movant's interest must not already be represented adequately by the existing parties. *Building & Constr. Trades Dep't v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994); *American Horse Prot. Ass'n v. Veneman*, 200 F.R.D. 153, 157-159 (D.D.C. 2001). Courts have held that "[a] general interest in a pending suit does not satisfy the requirements of rule 24(a)." *Leboeuf, Lamb, Greene & MacRae L.L.P. v. Abraham*, No. 01-269 (RMU), 2001 U.S. Dist. LEXIS 6569, at *14 (D.D.C. May 17, 2001), *quoting Alaskan Excursion Cruises, Inc. v. United States*, 603 F. Supp. 541, 551 (D.D.C. 1984); *see also United States v. AT&T*, 642 F.2d 1285. 1292 (D.C. Cir. 1980) (interest asserted "must be 'a legal interest as distinguished from interests of general and indefinite character'"), *quoting Radford Iron Co. v. Appalachian Electric Power Co.*, 62 F.2d 940, 942 (4th Cir. 1933).

A motion to intervene is required to state the grounds for intervention and "be accompanied by a pleading setting forth the claim or defense for which intervention is sought." *Id*.; *see also* LCvR 7(j) (A party seeking intervention shall also file "an original of the pleading setting forth the claim or defense for which intervention is sought."). Euro America has failed to satisfy the Rule 24 and LCvR 7(j) requirements, therefore, the motion to intervene should be denied.

The sheer brevity of Euro America's motion to intervene and its failure to provide any evidence to support its claim makes it impossible to discern whether Euro America would be

able to satisfy the standards for intervention as a matter of right under Rule 24(a). In its motion to intervene, Euro America failed to include any documentary evidence demonstrating that it currently holds a lien or property interest superior to Oldendorf's claim. Euro America simply asks this court to rely on its unsubstantiated assertions that it indeed holds a "valid maritime lien" that has priority over any claim that Oldendorff may have in the property at issue in this case.

Euro America's remedy, if it claims it has an interest in the attached money, is to bring a motion to vacate the attachment pursuant to Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. *See* Supp. R. Certain Adm. & Mar. Cl. E(4)(f) ("Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated…"). On a very practical level, the availability of proceedings pursuant to Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims further undermines any argument that Euro America hopes to advance in support of its motion to intervene. Adjudication on Euro America's motion to intervene will not impair or impede its right to protect its purported interest in the attached property.

As the docket demonstrates, Euro America compounded its error by failing to file an accompanying pleading "setting forth the claim or defense for which intervention is sought." *See* Fed. R. Civ. P. 24(c); LCvR 7(j). Euro America has not even stated whether it was seeking intervention as a plaintiff or defendant. In the face of such a comprehensive failure to comply with the rules, Euro America's motion should be denied.

## CONCLUSION

For the foregoing reasons, Euro America's Motion to Intervene should be denied.

Dated: March 27, 2006

                      Respectfully submitted,

                      ___/s/ Mark E. Nagle_____
                      Leonard Fleisig (D.C. Bar No. 435944)
                      Mark E. Nagle (D.C. Bar No. 416364)
                      TROUTMAN SANDERS LLP
                      401 9th St. N.W., Suite 1000
                      Washington DC 20004
                      (202) 274-2950 (telephone)
                      (202) 654-5645 (fax)

                      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 27th day of March, 2006, a copy of the above and foregoing Opposition To The Motion To Intervene Filed By Euro America Shipping & Trade, Inc. was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

    /s/ Mark E. Nagle_____
Mark E. Nagle