UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

EGON OLDENDORFF (LIBERIA) INC.

        Plantiff,        CIVIL NO.:A 05-2443 - HHK

-against-

MING JADE INVESTMENTS S.A.,

        Defendant.

## RESPONSE TO OPPOSITION TO MOTION TO INTERVENE

NOW COMES Petitioner Euro America Shipping & Trade, Inc. ("Euro America"), and responds to the Opposition to the Motion to Intervene Filed by Plaintiff Oldendorff on March 27, 2006. Plaintiff contends that petitioner failed to meet the requirements for intervention under Rule 24, Federal Rules of Civil Procedure, and, the Local Rules (LCvR 7(j)), and failed to include "any documentary evidence demonstrating that it currently holds a lien or property interest superior" to its claim. Petitioner disagrees; plaintiff ignores the content of the motion and the affidavit attached to the motion.

The motion to intervene along with the affidavit meet the standards for pleading for an intervention, and, the affidavit and its declarations under oath suffice as *prima facie* evidence of a valid maritime lien. ¶ 3 of the affidavit establishes that petitioner, specifically "advanced freight funds of approximately $240,000.00" to the charterer for the operation of the M/V TOSCANA for this precise charter, i.e., " to carry a food aid cargo of 3200 metric tons of bulk wheat from Houston, Texas to Bolivia." Repayment of those funds would be promptly made to petitioner from funds from the United States

government (*See* ¶4). Issues of proof beyond the detailed and specific allegations in the sworn declarations on the affidavit are premature.

The law is eminently clear that "[u]nder general principles of maritime law, claimants with maritime liens are entitled to preference and priority over attaching creditors." Chembulk Trading LLC. v. Chemex, LTD, 393 F. 3rd 550, 554 (2004) *citing* Triton Container Intl v. Baltic Shipping Co., 1995 AMC 2963, 2965-67 WL 608485 (E.D.La.1995); Ridley, The Law of Carriage of Goods, at 120. Maritime law is equally settled that the vessel, its cargo and by dint of its successful completion and delivery, its monetary proceeds now held by the United States government, are subject to a priority lien by the charterer and/or its financing broker, i.e., petitioner, far superior to plaintiff which is not even a participant in this charter. *See* Krauss Bros. Lumber v. Dimon, S.S. Corporation, 290 U.S. 117, 121 (1933); Standard Marine Bunkering Services v. Landmark Union, *et al.*, 686 F. Supp. 905, 909 ( D. Ga. 1987); Cantieri Navali Riuniti v. M/V Skyptron, 621 F.Supp. 171, 188-9 (W.D. La. 1985); 46 United States Code §31342(a).

Plaintiff's invitation to file a motion to vacate the attachment under Rule E (4) (f) of the Supplemental Rules for Certain Admiralty and Maritime Claims misreads petitioner's pleading. Petitioner submits that, while the legal position of the United States is supported by statutory and case law precedent, to the extent that this Court may not rule in the favor of the United States, then petitioner possesses a far superior lien and claim than plaintiff's attachment, and, petitioner's lien should be paid in full along with its reasonable attorneys' fees and costs before any claim of plaintiff.

Wherefore, Petitioner Euro America Shipping & Trade, Inc., responds to the Opposition to the Motion to Intervene Filed by Plaintiff Oldendorff.

Euro America Shipping & Trade, Inc.
Petitioner
By Counsel

_____
John E. Drury, Esquire
# 303- 1900 L Street, NW
Washington, DC 20036
202/463-6131
Bar Number: 924407

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading were sent by first class mail, postage prepaid, this 6th day of April, 2006 to Peter F. Frost, Esquire, United States Department of Justice, PO Box 14271, Washington, D.C. 20044-4271, Mark E. Nagle, Troutman, Sanders, LLP, 401 9th Street, NW, Suite 1000, Washington, DC 20004.

_____
John E. Drury